UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERMAINE D'SHANN DODD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-153-MGG |
| SWANN, et al., | |
| Defendants. | |

OPINION AND ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, is proceeding in this case "against Correctional Officer Swann and Sergeant Jackson in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his serious medical needs from March 18, 2019, to March 20, 2019, in violation of the Eighth Amendment[.]" ECF 13 at 9. The defendants filed a motion for summary judgment. ECF 85. Dodd filed a response, and the defendants filed a reply. ECF 94, 95. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

     The parties provide evidence showing the following facts: Around 11:00 p.m. on March 18, 2019, Dodd tripped over a small screw protruding from the floor of his cell, causing an injury to his ankle. ECF 94-2 at 3. Dodd fell to the floor of his cell and immediately felt pain in his right ankle and leg. *Id.* at 4. Several inmates in nearby cells yelled out that Dodd needed medical attention, but he did not receive any assistance. *Id.* Over the span of the next two days, Dodd requested medical treatment from the defendants and various other correctional officers, but was denied. *Id.* at 4-5. Correctional officers could see that Dodd was unable to move on the floor of his cell, but told him he should submit a Healthcare Request form to the medical unit. *Id.* at 5. On March 20, 2019, Lt. McNeal saw Dodd was in need of medical care and called the infirmary for assistance. *Id.* Dodd was immediately transported by wheelchair to the medical unit. *Id.*

At the medical unit, a nurse evaluated Dodd, gave him one dose of Tylenol and an ice pack, ordered x-rays, and instructed him to keep his right ankle elevated. ECF 86-3 at 1-2; ECF 94-2 at 6. He was sent back to his cellhouse without crutches or a cane. ECF 94-2 at 6. On April 9, 2020, Dodd had a nurse visit where he was given Prednisone and instructed to use Tylenol or Ibuprofen for any pain. ECF 86-3 at 3-5. He reported his ankle was tender and had swelling, but no swelling was seen that day. *Id.* at 4. His x-ray results were reviewed, which were within normal limits and found no fracture. *Id.* at 5. He was escorted back to his cell in stable condition. *Id.* On May 2, 2019, Dodd had another nurse visit where he reported he thought he had pulled or torn something in his right foot, but it was not giving him much trouble that day. *Id.* at 9-10. He was escorted back to his cell in stable condition. *Id.*

To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994.) Where, as here, a plaintiff alleges a delay in providing medical care, the plaintiff must show "the *delay* was 'objectively, sufficiently serious' to constitute the 'denial of the minimal civilized measures of life's necessities.'" *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996) (emphasis added). To do so, the plaintiff must produce "verifying medical evidence" that the delay had a detrimental effect. *Id.* at 1241 (agreeing with the Eighth Circuit that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place *verifying medical evidence* in the record to establish the detrimental effect of delay in medical treatment to succeed"). Thus, an "action will not

3

lie unless the plaintiff introduces verifying medical evidence that shows his condition worsened because of the delay." *Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009); *see also Williams v. Liefer,* 491 F.3d 710, 714-15 (7th Cir. 2007) (stating that plaintiff must "offer 'verifying medical evidence' that the delay (rather than the inmate's underlying condition) caused some degree of harm").

Here, Dodd has not provided any verifying medical evidence that the two-day delay in treating his ankle caused his condition to worsen or had any detrimental effect. *See Langston*, 100 F.3d at 1240-41; *Knight*, 590 F.3d at 466. Specifically, it is undisputed that a nurse treated Dodd's ankle on May 20 by providing one dose of Tylenol and an ice pack, instructing him to keep his ankle elevated, and returning him to his cellhouse without crutches or a cane. Dodd offers no medical evidence that the two-day delay in providing this treatment caused his condition to worsen. *See Williams,* 491 F.3d at 714-15. While Dodd claims he did not sprain his ankle but rather tore his shin muscle or ripped his Achilles heel tendon, he provides no verifying medical evidence supporting this claim. Accordingly, because there is no medical evidence that the delay in treating Dodd's ankle had a detrimental effect on his condition, no reasonable jury could find the defendants' conduct amounted to a constitutional violation. *See Langston*, 100 F.3d at 1240-41. Summary judgment is thus warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 85); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Jermaine D'Shann Dodd and to close this case.

SO ORDERED on September 5, 2023

                                                  s/Michael G. Gotsch, Sr.
                                                  Michael G. Gotsch, Sr.
                                                  United States Magistrate Judge